UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

-------------------------------------------------------

WILLIAM EDWARD HAAB,
plaintiff,

      v.

SHERIFF JULIAN WHITTINGTON, as the
public entity responsible for the Bossier Parish
Sheriff's Office,
defendant.

-------------------------------------------------------

**COMPLAINT**

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

**Bizer & DeReus**

Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Marc P. Florman (LA # 35128)
mflorman@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

1.      Plaintiff WILLIAM EDWARD HAAB (herein after "MR. HAAB") is a deaf individual who communicates in American Sign Language ("ASL"), which is his primary means of communication. In 1991, MR. HAAB plead guilty to a violation of Title 14:81.2, molestation of a juvenile. As a result of his guilty plea, MR. HAAB was incarcerated. Following his release in 1998, MR. HAAB was required to register as a sex offender. The Bossier Parish Sheriff's Office has repeatedly discriminated against MR. HAAB by failing and/or refusing to provide auxiliary aids and services necessary to ensure effective communication with MR. HAAB regarding complex legal matters. As a result, MR. HAAB has been unable to meaningfully understand the terms and conditions of his sex offender registration. Due to the discrimination he has suffered, MR. HAAB has suffered a loss of freedom of movement and an invasion of his civil rights. MR. HAAB files this lawsuit seeking declaratory, injunctive, and equitable relief, compensatory damages (including nominal damages), and attorneys' fees and costs to redress the unlawful discrimination he has suffered on the basis of his disability, in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794.

2.      For the protection of society, it is imperative for sex offenders to be properly registered and understand the terms and conditions of the sex offender registry. **It is in the interest of the general public that MR. HAAB and other deaf or hard of hearing individuals have effective communication as to the terms and conditions of the sex offender registry.**

## THE PARTIES

3.      Plaintiff MR. HAAB is an individual residing in Bossier City, Louisiana. MR. HAAB is profoundly deaf and communicates primarily in American Sign Language. He is substantially limited in the major life activities of hearing, speaking, and reading, and is a qualified person with a disability within the meaning of the ADA and the Rehabilitation Act.

4.      Defendant, SHERIFF JULIAN WHITTINGTON (hereinafter "SHERIFF") is the public entity responsible for the Bossier Parish Sheriff's Office.

5.      SHERIFF is a government entity.

6.      As the operator and administrator of the sheriff services in Bossier Parish, SHERIFF is obligated to comply with the requirements of the ADA and the Rehabilitation Act.

## JURISDICTION & VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under federal law.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because SHERIFF resides within the jurisdiction of this District, and/or a substantial part of the events that give rise to the claims occurred in this District, and/or SHERIFF has sufficient contacts with this District to subject it to personal jurisdiction at the time this action is commenced.

## STATEMENT OF FACTS

9.      MR. HAAB is profoundly deaf and communicates primarily in American Sign Language ("ASL").

10.     MR. HAAB has limited proficiency in written English, and requires auxiliary aids and services to communicate effectively regarding legal matters.

11.     On May 4, 1998, MR. HAAB was released from prison and was placed on parole.

12.     Upon information and belief, under Louisiana law, MR. HAAB is required to periodically register as a sex offender with the Bossier Parish Sheriff's Office, and must otherwise comply with the terms and conditions of the sex offender registry.

13.     Since 2005, MR. HAAB has been updating SHERIFF as to his status. MR. HAAB has never received a sign language interpreter from the SHERIFF.

14.     During this time, MR. HAAB has been in continuous need of a sign language interpreter so that he can ask specific, legal questions related to the terms, conditions, and requirements of his registration with the Bossier Parish Sheriff's Office.

15.     On July 20, 2012, MR. HAAB sent a reasonable accommodation request letter to the Bossier Sheriff's Office (hereinafter the "July 20 Letter").

16.     Upon information in belief, in the July 20 Letter, MR. HAAB indicated that he was deaf and needed a sign language interpreter for his upcoming on-site verification update.

17.     On the same day, July 20, 2012, Sgt. Porter / Sgt. Toloso of the Bossier Parish Sheriff's office sent a return fax stating:

> "MR. HAAB,
> I HAVE RECEIVED YOUR FAX 07/20/2012, I CAN NOT CONTACT THE DEAF ACTION CENTER FOR AN INTERPRETER. IF YOU REQUIRE THOSE SERVICES, IT WILL BE YOUR RESPONSIBILITY TO MAKE ARRANGEMENTS AND YOU WILL BE RESPONSIBLE FOR ANY FEE's.
>
> SGT. TOLOSO"[1]

18.     At MR. HAAB's next reporting date, no sign language interpreter was provided by SHERIFF.

19.     Since that time, MR. HAAB has been reporting every six months, and each time SHERIFF has failed to accommodate MR. HAAB's disability.

20.     In January of 2017, with his next registration date approaching, MR. HAAB once again identified the need for an interpreter during the sex offender registration process so he could ask questions about the terms and conditions of the sex offender registry.

21.     On January 24, 2017, MR. HAAB sent a letter to the Bossier Parish Sheriff's Office making a reasonable accommodation request.

22.     In his January 24, 2017 letter, MR. HAAB identified that his primary means of

[1] See Exhibit "A."

communication is American Sign Language, that his next reporting date was Tuesday, February 7, 2017, and that he required the assistance of an ASL interpreter to effectively communicate with the Bossier Parish Sheriff's Office. Specifically, MR. HAAB made it clear that he needed a sign language interpreter so "he can ask questions about his status as a sex offender and to update the required verification at that time."[2]

23.     The letter was sent by Certified Mail, Return Receipt Requested to the Bossier Parish Sheriff's Office, Post Office Box 850, Benton LA 71006. This is the official mailing address for SHERIFF.

24.     The green "Return Receipt" card was signed and was stamped "JAN 27 2017".

25.     Given SHERIFF's receipt of MR. HAAB's reasonable accommodation request on or about January 27, 2017, SHERIFF had more than sufficient time to comply with MR. HAAB's request for a reasonable accommodation.

26.     SHERIFF did not respond to MR. HAAB's January 24, 2017 request for a reasonable accommodation.

27.     On Tuesday, February 7, 2017, MR. HAAB reported to the Bossier Parish Sheriff's Office at the assigned time. No sign language interpreter was present and no other method of providing accessible communication was provided (*i.e.*, a Video Remote Interpreting (VRI) service).

28.     Instead of communicating with him through an interpreter, SHERIFF, through an agent or employee, attempted to communicate with MR. HAAB through written notes. Almost immediately, MR. HAAB made his need for an interpreter known, and he wrote "2. No interpreter show up."

29.     Upon information and belief, SHERIFF's agent or employee put a check mark next to the written statement "2. No interpreter show up."

30.     As a result of SHERIFF's refusal to provide an interpreter, MR. HAAB does not fully

---

[2] See Exhibit "B"

understand the terms and conditions of the sex offender registry.

31.     Due to SHERIFF's refusal to provide an interpreter, MR. HAAB is at risk of violating the terms and conditions of his sex offender registration, which could ultimately result in his imprisonment.

32.     Additionally, there is a societal benefit to deaf and hard of hearing sex offenders receiving effective communication from the Bossier Parish Sheriff's Office. The sex offender registry serves as a tool to properly monitor the whereabouts and activities of convicted sex offenders. **It is in the interest of the general public that MR. HAAB and other deaf or hard of hearing individuals have effective communication as to the terms and conditions of the sex offender registry.**

33.     Further, ensuring that MR. HAAB does not accidently violate the terms and conditions of the sex offender registry also benefits society and SHERIFF because there are substantial costs associated with imprisonment.

34.     Due to SHERIFF's failure to provide an interpreter, MR. HAAB has suffered invasion of his civil rights and the lack of the freedom of movement. Additionally, MR. HAAB has been, and is actively being, denied the ability to interact with other members of the community.

35.     SHERIFF is aware that MR. HAAB is deaf and requires a sign language interpreter to effectively communicate.

36.     SHERIFF's staff and/or employees failed to undertake any meaningful assessment of MR. HAAB's communication needs and abilities.

37.     As a result of SHERIFF's failure to ensure effective communication with MR. HAAB, he received services that were objectively substandard and that were inferior to those provided to individuals who are hearing, and was subjected to discriminatory treatment because of his disability.

38.     MR. HAAB does not know if the law or terms of the sex offender registry have changed. Due to SHERIFF's failure to provide a sign language interpreter, MR. HAAB is not able to inquire into

changes in the law or the terms and conditions of the sex offender registry. Since he has not been provided with an interpreter, MR. HAAB does not know if there have been changes to the frequency of the reporting requirements or the information he is required to report.

39.     Based on the forgoing allegations, SHERIFF intentionally discriminated against MR. HAAB.

40.     SHERIFF intentionally discriminated against MR. HAAB with deliberate indifference to his rights and to MR. HAAB's communication needs.

41.     SHERIFF's discrimination caused MR. HAAB invasion of his civil rights and to endure loss of liberty, humiliation, fear, anxiety, isolation, guilt, and emotional distress.

## CLAIM 1: VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

42.     MR. HAAB repeats and realleges all preceding paragraphs in support of this claim.

43.     At all times relevant to this action, Title II of the ADA, 42 U.S.C. § 12131, et seq. has been in full force and effect and has applied to SHERIFF's conduct.

44.     At all times relevant to this action, the United States Department of Justice regulations implementing Title II of the ADA, 28 C.F.R. Part 35, have been in full force and effect and have applied to SHERIFF's conduct.

45.     At all times relevant to this action, MR. HAAB has been substantially limited in the major life activities of hearing, speaking, and reading, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

46.     SHERIFF is a public entity within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1).

47.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

48.     Federal regulations implementing Title II of the ADA provide that a public entity may not "(i) deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; (ii) afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; [or] (iii) provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 28 C.F.R. § 35.130(b)(1).

49.     Federal regulations implementing Title II of the ADA further provide that "a public entity shall operate each service, program, or activity so that the service, program or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(a).

50.     Federal regulations implementing Title II of the ADA further provide that a public entity "shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1).

51.     Federal regulations implementing Title II of the ADA further provide that a public entity "shall furnish appropriate auxiliary aids and services where necessary," and "in order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 35.160(b).

52.     SHERIFF discriminated against MR. HAAB, on the basis of disability, in violation of Title II of the ADA and its implementing regulations.

53.     MR. HAAB is therefore entitled to injunctive relief, compensatory and nominal damages, as well as an award of attorneys' fees and costs (including expert expenses) pursuant to Title II of the ADA.

## CLAIM 2: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

54.     MR. HAAB repeats and realleges all preceding paragraphs in support of this claim.

55.     At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, has been in full force and effect and has applied to SHERIFF's conduct.

56.     At all times relevant to this action, the United States Department of Health and Human Services ("HHS") regulations implementing Section 504 of the Rehabilitation Act, 45 C.F.R. Part 84, have been in full force and effect and have applied to SHERIFF's conduct.

57.     At all times relevant to this action, MR. HAAB has had substantial limitations to the major life activities of hearing, speaking, and reading and has been an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9).

58.     At all times relevant to this action, SHERIFF has been offering programs, services, activities, or accommodations receiving federal financial assistance pursuant to 29 U.S.C. § 794(b). Specifically, in the last fiscal year ending June 30, 2016, SHERIFF received $345,803 in federal funds. Accordingly, SHERIFF is obligated to comply with the requirements of the Rehabilitation Act.

59.     Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

60.     The Rehabilitation Act extends relief to "any person aggrieved" by discrimination in violation thereof. 29 U.S.C. § 794a(a)(2).

61.     SHERIFF discriminated against MR. HAAB, on the basis of disability, in violation of 29 U.S.C. § 794.

62.     MR. HAAB is therefore entitled to seek and recover compensatory and nominal damages for the injuries and loss he sustained as a result of SHERIFF's discriminatory conduct as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

63.     MR. HAAB is further entitled to injunctive relief, as well as an award of attorneys' fees, and costs (including expert expenses) pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a).

## PRAYER FOR RELIEF

**WHEREFORE,** MR. HAAB respectfully prays that this Court grant the following relief:

a.     Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that SHERIFF's policies, procedures, and practices have subjected MR. HAAB to unlawful discrimination in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

b.     Issue an injunction ordering SHERIFF:

    i.  to accommodate MR. HAAB's disability and provide him with reasonable accommodations;

    ii.  to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against MR. HAAB or other deaf or hard of hearing individuals and their companions by failing to provide effective communication;

    iii.  to develop, implement, promulgate, and comply with a policy requiring that a certified in-person legal ASL interpreter be provided to MR. HAAB;

    iv.  to develop and implement a new system, or integrate into a currently existing system, a means of identifying individuals as deaf or hard of hearing, and assessing such individuals' communication needs and abilities;

    v.  to create and maintain a list of sign language interpreters and ensure availability of such interpreters at any time of day or night; and

    vi.  to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf under the ADA and the Rehabilitation Act.

c.  Award to MR. HAAB:

    i.  compensatory and nominal damages pursuant to Title II of the ADA and Section 504 of the Rehabilitation Act;

    ii.  all reasonable attorneys' fees and costs (including expert fees) incurred in preparing and pursing this action; further, if Plaintiff is successful, he seeks all fees and costs(including attorneys' fees) incurred in the enforcing and monitoring of Defendant's compliance with the Orders of this Court;

    iii.  interest on all amounts at the highest rates and from the earliest dates allowed by law;

    iv.  any and all other relief that this Court finds necessary and appropriate.

Dated: May 22, 2017

Respectfully Submitted,

**Bizer & DeReus**
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Marc P. Florman (LA # 35128)
mflorman@bizerlaw.com
3319 St. Claude Ave.

New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus_____
     Garret S. DeReus